The Fourth District Appellate Court of the State of Illinois has now convened. The Honorable Craig H.D. Armond presiding. Morning, counsel. We'll call 4-22-0792 Teresa Artega v. Stephen Dwayne Simpson. Could counsel for the appellant please state your name for the record? Mark V. Kelly, attorney for the appellant, Teresa Arteaga. Thank you, Mr. Kelly. Could counsel for the appellee please state your name for the record? Alec Murphy, attorney for appellee, Stephen Simpson. Thank you, Mr. Murphy. Mr. Kelly, you may proceed. Thank you, Justice. May it please the court. Teresa Arteaga filed a section 513 petition to seek contribution from Stephen Simpson for the college expenses of their daughter Adrian's attendance at community college and then University of Illinois. The petition became inactive for 12 and a half months, essentially in the middle of the COVID pandemic. And Stephen filed a motion to dismiss, relying on two grounds, a local rule of court of the Ninth Judicial Circuit setting, requiring that motions be heard within one year. But there was no motion in this case so that argument was abandoned. And then the other ground for the motion to dismiss was the first half of Rule 3.35 of the Ninth Circuit that allowed a court to set review hearings, docket hearings to clear its docket of stale cases. There was no prejudice alleged in the complaint, didn't seek a sanction for not complying with outstanding discovery, nothing about ignoring any court orders, no failure to provide any college information like school info or grades or anything. And no adverse effects were alleged to befall Stephen as a result of this delay. The case was filed, the petition was filed in June for college expenses, was filed originally in June of 2019 so by the time of the motion to dismiss it was about 32 months old. And the 12 month period of inactivity at issue here was at that time about 20 months old. And even so, a lot had happened in that 20 months. The case had started out fairly normally. After a few months, Stephen had a settlement offer in his possession, including a spreadsheet listing all of Adrian's college expenses at the community college she was at, the tuition, the books, the living expenses, and that offer was rejected. So, we decided to set the case for trial, I say we because as the court probably figures out I'm the trial counsel as well. In this case, spreadsheet ever available to the court. I was in it was attached to an email, Your Honor. That was an exhibit to the motion to reconsider. Would you like me to find the reference to that. No, no, that's, yeah, I just wanted to know that the court had the opportunity to see it. Yes, Your Honor. Okay, thank you. So this, the, the, the, the, after the rejection the parties decided that they would then just set the matter for trial, and a trial actually was scheduled in the docket, the common law record reflects that they, the trial was then canceled. And based on Stephen's alleged health problem that prevented him from traveling to Illinois. So at that point, then, nothing happened for a few months until Teresa's counsel followed up with Stephen's counsel is he available now. And after a week of he heard back that says no still can't fly. But by that time, it was March of 2020, and the coven pandemic had just pretty much exploded the Supreme Court's rule Mr. 30370 was in effect, the Illinois stay at home order was about to come down so the council decided that we just exchange financial affidavits. But that wasn't done at the end of March, Stephen's counsel just served formal discovery on Teresa's counsel so Teresa's counsel served formal discovery on Stephen, a few months after that. I'm sorry a few days after that. So, sort of the case is now sort of going backwards from the resolution it was almost that when Stephen's health caused it to to stop, did not proceed to trial. So, at this point, nothing happens. And then in Martin in October of that year, Stephen causes his lawyer to file a motion withdrawal. And so now we have new counsel. At this point, the case is 16 months old. And the new lawyer then asks for college expense info information. I have to explain at this point that I relayed that to Teresa, and she is a native Spanish speaker phone conversations are difficult with her. I was alluded to in email to the opposing counsel at some point in time and argued before the court, one without any objection or challenge at Teresa couldn't talk on the phone very well in English, and then always brought someone to translate for her in person at the February, 2021 status hearing, which is where the 12 month delay started Stephen's counsel told the court that by agreement, we're going to continue the case I couldn't be there, and that we would reset it by agreement. But after that, Stephen's counsel never reached out to me to set the agreement obviously I've taken responsibility for my delay and that at that point in time, I didn't, I conceded I didn't follow up effectively with Teresa to get that information and wrestled from her. But again, Mr. Stephen's counsel after having agreed that he would cooperate and reschedule the hearing never reached out never said hey where's those documents you, you wanted he just waited for 12 months and by that time you found the real local rules apparently that mentioned 12 months and so he cited them in a motion and filed it to dismiss the case. As one what might imagine. When that happened, I went and got ahold of Teresa to try to make up for lost ground we got the documents before that motion dismiss was actually heard those documents were in the possession of Stephen all and by this time. Adrian is virtually done with college it's the spring of 2022, and she's finishing her, her last year University of Illinois. So, all the expenses are now in Stephen's hands. We have the motion to dismiss, and instead of just saying okay we've got everything let's just have the trial the court dismisses the petition, and then denies the motion to reconsider at that. At the hearings, then I did bring to the court's attention that part of the reason for the delay in 12 months was that Teresa, because the language barrier misunderstood what I was asking her she already provided the information about her daughter's college expenses and didn't apparently didn't understand why she was asked to provide them again. Again, these information was noted and the citations are in the brief. Now the we're granted motion leave to refile but at that point that was worthless because the college expenses were all incurred, and there was nothing to refile and gain. So this was basically a motion to dismiss without any what allegation of prejudice that was cut to Adrian out of all support from her father for her college career. Yes, Your Honor. Excuse me. Go ahead, Tom, or just serious. Okay, Mr Kelly I just simply, and I think you are getting to this point here I wanted to. I'm sorry I can't hear you. Looks like his internet may be freezing up. Okay, I, I. Yeah, his his picture looks frozen now as well. Well, I would ask you my question but then he might not be able to hear it. So I can hear you, Justice. Justice Harris are you back on. Yes. Go ahead, Justice Sarah. If you can hear me. Can you hear me. I cannot hear you but your your video is a little fragmented. Okay, I apologize for that, Mr Kelly, could you just simply comment on the prejudice claim by Stephen, and as found by the trial court. The prejudice is either imagined in fact, or invalid as a matter of a per, as a matter of analysis, that it's a per se prejudice. There's been no allegation that Stephen was prejudiced by not having access to grades, or that any caps were exceeded, or that he suffered any, any ill effects and and as far as the per se. There's no, there's nothing in the statute that says this is a father's Bill of Rights essentially, or that it's analogous to a private right of action. Inherently, I mean there is one section in the in in 513, that does allow a private right of action in 513 be you can request financial aid be applied for while the case is pending, even before there's a court order. Otherwise, the other sort of rights of a father require that an allocation order of expenses be issued. So, there is in just like a private right of action, the statute wasn't created to benefit Stephen, his enforcement of it doesn't benefit the So there is no prejudice to him. The, he didn't allege any, and in his argument, his, his counsel, they never tried to really allege any prejudice, they have this, he did say that that the purpose of the statute was consistent with the court's analysis, which he, which it was consistent with the court's analysis because the reason 513 did not allow pre petition expenses to be allocated, was that it didn't want those to build up into what he called an ambush judgment. In fact, the reason 513 doesn't allow pre petition expenses is this a form of child support and pre petition expenses are not allowed under 510 of the IMDMA. So, I think that the, the idea that there was any prejudice here is totally, there's just no fact that it was even alleged. So there's nothing absolutely record it was just the justice of the trial, the trial judge, imagining the theoretical things that that could be harmful and finding that those were per se arms, without just by virtue of the passage of time. So, in that just was, it was unwarranted and not consistent with the purpose of the statute at all. Two questions. Yes. One, a practical. We don't see very many cases where the costs have built up for the expenses have built up. And we are at a point where they're being sought for basically four years of college. My question is, if you were to prevail. And this goes back, there's a hearing and monies are allowed to be ordered paid by Steve, who gets the money. The court will take testimony as to how those expenses were paid. And, for example, if Adrian paid took out loans or something she might be entitled to a fair allocation if her mother paid, you know, most of it, then maybe her mother would be entitled to be reimbursed but the court can hear all the evidence and then make the fair allocation. And I heard that in the in the in the hearing in the hearings and the trial judge just thought, wait, wait, wait, you're going to make me parcel all this out but that that kind of thing happens in all, in all cases that's what judges do. Well, thank you. Now the second question is, you have represented that lots of information was available to the appellee. The father regarding community college expenses, and perhaps all the way through or in, at least into being at the University of Illinois. Why did the trial court focus on the fact that information hadn't been provided. Did he mean it hadn't been timely provided or he mean it hadn't been provided at all. I do believe that he meant it wasn't timely provided and in fact, a that. Well, I think that he was focused on the fact that three years or so almost three years had gone by, and that the father because he didn't have access to the grades. He didn't have consent to get information from the school. He didn't have the things that 513 ordinarily require he had. You don't have a right to those unless it's already been ordered. Well, I know you are providing it voluntarily would that be correct. I'm sorry you're on. You are providing it voluntarily as part of motion practice and discovery. Well, I have to concede your honor that if you look at the record I believe it will reflect. And it's true that that information was not provided until the morning of the hearing on the motion to dismiss. The most recent information. Pardon me. Most recent information. Yes, yes, you did provide earlier information and attachment to the motion to reconsider or. Yes, I did your honor, and that came by email. Mr Kelly Can I ask you a question. Yes. The information that was provided early on, compared to the information that was presided provided the day of the hearing. Were there any different categories of information or is that basically the same information just updated the information that was provided early on was in the form of a spreadsheet that I made of the first two semesters at a community college. So it was not, it wasn't in the form of receipts and statements and bank records and things that were responsive to a formal discovery request it was more of a. This is my summary of what the expenses are and this is my proposal as to how to divide them let's talk about it. But at the end, that it was receipts and leases and the full response to the discovery requests. With regard to the consents they were never forthcoming. Well, they were never asked for. So, that was going to be the next part of my question. Did he ever asked for the consent. No, no. Okay. Thank you. Go ahead. I'm sorry. Thank you. Let's see. Okay, I do want to explain that before I talk about why I actually did talk about the 513 analysis I want to briefly touch on what the judge that to note that the trial court explicitly disavow reliance on the courts inherent case management authority or local rule 335. The court. As I said, Mr. Simpson's lawyer focused entirely on that even to go to the point, even going so far as to say that the authority for the court to act is local rule, not 513, the judge, the trial judge and the hand entirely relied on 513 and said, After I argued I've been trying to find a case where somebody has been dismissed after a mere well not not a mere year I know it was wrong, but just a solely on a period of an activity of about 12 months, I couldn't find anything. And I said, I can't find a case where the length of this length, this length of delay standing alone, led to this harsh of a penalty and entitled dismissal of the case. And the judge explained that he didn't care that there was no case law. April 27 is basically when I grant the motion, the court is basically relying on a few things to do this and I don't think it can be ignored. Number one, I don't care if there's a pellet court law that says one year is sufficient to dismiss the case I believe that doesn't drive me in this situation. What drives me is you know a few things that's in the transcript, and then he covered the judge launches into this section 513 analysis. So, he explicitly disavows that he's relying that he is he's relying on this, this alleged per se harm from 513 that just doesn't exist. There's a pellet case law that allows petitions to be filed even after the child has graduated from college, and there is nothing in the structure of the statute that says this is a pay as you go statute. It just even allows I said in 5513 a be you acknowledge that, that it's not a pay as you go statute. So, Mr Kelly, that it would be a more standard practice, however, for it to be a pay as you go situation. Absolutely, Your Honor, I think that that is what happens most of the time, but I know that that it doesn't make it necessarily make it any easier. I understand the more the more you have the actual expenses and less speculation you have to do, but in the, the less, you know, probably less evidence because you got receipts on paper. I want to use my remaining few seconds to just address circle back to the first argument. The court did not rely on the, the inherent court authority, and that you can nonetheless uphold on that basis but I'm urging you not to do it it's just not just it's not fair to affirm on the very basis that the court rejected, and it will cut off. Adrian completely from support. Thank you counsel. Thank you. You'll have an opportunity on rebuttal. Thank you, Murphy. Thank you, Your Honors, may it please the court. So, appellate is making this argument that the trial court improperly relied on section 513 to dismiss this petition and completely ignored local rule 3.35. Again, I think the record is clear that Mr Simpson filed his motion to dismiss under local rule 3.35. The trial court considered that local rule consider all the facts and circumstances, and really had to make the decision of whether this case was dormant, and whether there was good cause to dismiss it and so that's what ultimately ended up happening. The court used kind of the, the idea and provisions of section 513 to show that this case was not proceeding in a timely manner and was dormant, and the 12 month window was just the time requirement in the local rule for the court to have the ability to dismiss it. So again that that local rule clearly states that there's no service setting trial other court action requested for 12 months. The court has discretion to dismiss a case as it's dismiss it for one of prosecution. And so, Mr Murphy is the dissolution or dissolution cases is that a heavy part of the Knox County caseload. I'm unfamiliar with the caseload and in Knox County to that respect but I know, just a family court is always busy and a lot of counties. Well if a trial court has the opportunity and the tools to review its docket and see which cases are kind of lagging. Does the court have any responsibility to prod the parties along. Or is that just left, even though you've got this power and authority you just leave that to the lawyers. I did not believe it's the courts authority or requirement or really role to force a petitioner to proceed with their case if it's not proceeding I didn't say anything about force I said about using status calls. Right, I think that local rule is set forth in there where if a case is dormant for a period of time the court by its own motion can set a status call to see, are we proceeding on this one in this case, Mr Simpson's attorney filed the motion but either way. The same result of dying emotion to make that determination is this case dormant or not and that's what the trial court ultimately found. Now I want to ask you a question, I understand the time periods and may not match up if you're separating them. But would you concede that your client caused some of the delay. And not cause but occasion in the sense that there was an illness and an inability to travel. And then there was Kobe, which was beyond the control of everybody, though, even at a distance, I would assume there could have been zoom hearing with your client if he still was out of state was unable to travel. But if you look at the whole case was some of the delay occasion by Mr Simpson. I would concede that during the first two years, the issue was scheduling the trial and 2020 was due to covert reasons and then Mr Simpson's availability for trial but really I think the focus and the local rules focus and the travel was focused was the third year of the case where absolutely nothing happened. Understood, but the case that the thing that makes this look so dormant is the three years, not just the one year. And I understand what the rule said. I'm just saying if you look at the case as a whole. You're looking at three years. 12 months. Correct and covert and the travel issue was a relevant factor in setting the trial within that first year. Correct. Okay. Now, I have another question. Was there any dispute that Mr Kelly's client was not facile in English language, or that she needed an interpreter, or that communication was difficult. Was that ever disputed. I do not believe that was ever disputed that that she had English language barriers and that she didn't need an interpreter to communicate with her counsel. Okay, thank you. I didn't mean to interrupt your whole argument, go for go forward. No problem, your honor and so again continuing is, is, is this local rule it has the 12 month period, and then the court has to determine is it dormant or is, and is there a good cause to dismiss the case. And so again, this local rule puts the discretion in the power of the trial judge to evaluate all the circumstances. And that is where the provisions of section 513 come into play is just the timeliness nature of the provisions of wanting to resolve college issues, either before the expenses are incurred or while the child is in college. And so the court evaluated all that and ultimately uses discretion that mom was not properly proceeding with her, her petition. And so I think it's important to note that, again, with this abuse of discretion standards, no reasonable person would have adopted this view, the court acts arbitrarily or ignores principles of law. And again here the the trial court acted as a reasonable person it said this, the court said this case is three years old, not much has happened in the first two years and then absolutely nothing happened in the third year. And so this should have been resolved a long time ago, and it was not and so I think cases involving other cases involving dismissals for one of prosecution and abuse of discretion standard set forth other kind of parameters for the appellate court to look at is was there an excusable delay. Was, was there justifiable reasons why this was not proceeding. And again, the trial court heard Miss artiegas explanation for all this the language barrier. The fact that she was unsure about discovery and the trial court court ultimately decided these delays were not excusable. All of this discovery should have been completed years before information exchange the court. Wait a minute, wait a minute. The discovery should have been exchanged, but the trial court focused on him not having the actual expenses of every. And as I read the statute, there's no substantive right to that information unless it's already been ordered. That is that you've already been ordered to contribute to support. Now, am I misunderstanding the statute or did the judge misunderstand. I don't think either of you are misunderstanding the statute I think the judge use those provisions of 513 to show why there was good cause and why the case was dormant that it really affected, kind of how the case and and father's involvement in the child school, the father was entitled to grade reports. The father was entitled and the child could be required to file for financial aid, which would reduce any expenses. The court went into how looking back at tracking living expenses and gas food money along with tuition, looking at grade reports in the past, and all of that information throughout the years that it was pending. And so that's where really where the court isn't saying that the case has to be dismissed because these information was not provided the court use that those facts to determine that the case was dormant under the local rule. And so I think it's important to note as well related to the, the previous discussion related to this discovery exchange the initial discovery exchange in 2020 which council reference was a spreadsheet of the generic expenses of the community college that she was going to So the documents themselves needed for trial were presented to Mr Simpson and his counsel at the hearing the morning of the hearing on the motion to dismiss. And so it's very important that the court noted with that, that, again, if directly in the trial courts ruling. If Mr Simpson did not file a motion to dismiss and that matter was not set for hearing that day. Would the documents have ever been provided and what the case have ever been set for trial and the trial court, believe that it would not have and we may very well could be here today in 2023 without discovery being exchanged and without the matter, having ever been set in the trial court. And so again, using that local rule with the provisions of 513 showing that it's in the best interest of everyone to exchange this stuff and to resolve these issues. While the child is in college, or even before all based on the trial for using his discretion to say mother waited too long and the court has the discretion to dismiss the case of it finds it's dormant and the core properly did so here. Again, the whole history of the case was important to the trial court and that the petition was filed in 2019 in between the daughter's first and second years of college and so everyone's in agreement. Any expenses would not be for that first year of college. The initial discovery and offers were exchanged four months after that in October of 2019 and then it was determined that there was going to be no agreement and the matter had to be set for trial. Early spring 2020 was when discovery was issued. And then yes, the, the coven pandemic then come to came into play to where the matter may not have been set immediately in the courtroom however discovery was outstanding. Mr Simpson did change councils in 2020 but again that new council came in and requested the discovery documents and said let's get this case moving and see if we can reach a resolution or go to trial. Ultimately, leading up to the final status hearing in February 2021 they were to reschedule by agreement, they were to exchange financial information by agreement, and then nothing happened February 2021 to March 2022 again. Council argues that father didn't reach out to follow up and schedule a hearing but at the same time it's the mother's responsibility to diligently proceed with her petition and whether it was due to inadvertence or a language barrier. Ultimately, the, the court decided that none of those were excusable as to why the case was sitting for almost 13 months with absolutely nothing happening and so some of the cases cited in our brief recognize yes the where the appellate court upheld a dismissal for one of prosecution the time of delay may have been longer than the 1213 months here however the appellate courts language in their opinion I think is telling where in the Deardorff case for example it says where petitioner inadvertently overlook the case and was only galvanized into action when the opposing party and the trial court moved. And in that this case is exactly the same situation is mother and her counselor were only galvanized into producing the discovery documents and proceeding with trial. Once that motion to dismiss was was filed and once that was actually set for hearing. Again, the judge recognize that the financial documents were disclosed to father, a couple hours before they actually appear for the motion to dismiss. But the trial court again evaluate all that and did not find that there was sufficient excuse why nothing had happened for over 12 months preceding that filing and that's why the decision ultimately was made. Again, I want to point out that the court properly dismissed under local rule 3.35 giving the court of the discretion to do so after a period of inactivity for 12 months, and it used section 513 just to show that college expense cases, the nature of them themselves, should be proceeded in a timely manner and the statute itself puts forth kind of timing parameters of limiting expenses incurred before a child's 23rd birthday or the requirement that the child should apply for financial aid to reduce expenses. It allows the court to order sums directly payable from the parents to the college. Those would be incurred and become due usually before the semester starts and so that would indicate that the order ideally should be in place before those expenses are incurred. And again, this requirement that both parents have a right to grade reports and kind of knowledge and participation of what's going on with school to ensure that the daughter is reaching that C grade point average in order for those expenses to be payable. I think the court properly evaluated all the facts and circumstances of the case. It did not improperly dismiss using only section 513. It used the local rule. It had the discretion to do so. And in this case, again, the burden was on mother to proceed with her petition in a diligent manner. Some of the case law cited points out as well is the desirability of trying to resolve cases on their merits is not aided when one party does not diligently pursue their petition. And so in this case, really minimal action was taken in the first two years. No action was taken in the third year. And so the court properly has discretion to dismiss the matter and it did so here. And so with that, then I would stand by the arguments in the brief and again request that the decision to dismiss the batter under 3.35 should be affirmed. And then, is there any further questions, your honors. See none Council. Thank you. Thank you, Mr Kelly rebuttal. Thank you. There are, there are two main points I want to make. If you look at the words the judge used in making his decision. There is nothing that suggests he never mentioned rule 3.35. He only talked about section 513, and the, he never talked about. Well he did talk once about the last year, but that was right after he went through a litany of all the provisions of three point of section 513 that that the that Stephen should have been provided with he said he recited specifically in the statute, why information has to be provided, because it allows for a modification or termination and there's a cap. There is an absolute cap of the courts ability to order allocate expenses, marriage, a C cumulative 23 or when you get your bachelor's, that's what the cap is, it's statutory. So again I don't have a valid reason why this has been delayed for over the year the last time. So his concern was not with sort of court management it was with these rights he believed were flowing substantively from 513. The court did not use 513 to inform a decision under 3.35, it was only focused on 513 in fact, the words the court used were. I don't care if there's something that says I can do it in a year, I don't care my focus is on, and then the 513 analysis. So, if you just, you look at the actual words, the judge used, they will show that despite the attempt to, you know, make them seem other than they are. It's clear that this was not a case of the court deciding that this was just a case that wasn't going anywhere and so we should dismiss it it was a case that was harming Stephen. And regardless of Miss Arteaga's difficulties, and regardless of the fact that Stephen didn't allege any harm, that in the judge's mind, this was something that violated the statute to such a degree that the ultimate penalty for a litigant the dismissal of their entire case under circumstances when there was the leave to refile was meaningless was just the judges believe that that was the appropriate thing to do. And that sort of segues into the second major point here which is, this is just disproportionate. It is the, the cutting off of a child of the parties right for support. It does not comport with the idea of Section 513 to help a child. Get a good start in life. The abuse of discretion, I don't believe is the is the last word and when the court considers these cases, it's a matter of substantial justice. And there are cases where it is for example in cases where petitions are default judgments are entered, that the, the court says that there can be no abuse of discretion that the trial courts position can be justified, and yet the circumstances of the case dictate or the justify the court finding that the litigant should be allowed to nest and then let's proceed on the merits. And I believe this is that's the case here. It is the court could have proceeded immediately to trial to achieve the sort of judicial economy or court management ideas goals, and especially when Stephen wasn't really harmed he didn't even allege he was harmed. So it was more or less a gotcha moment that he sprung successfully on Miss Arteaga. So when finally when the court would have said, hey, if I did if you if you didn't file this motion when would I have ever heard this. Well I have an answer to that I think it was too smart to tell the trial judge but a little collegiality of, hey, you know you promised me some records I haven't gotten them. Do you have any idea when I'm going to get those, you know, there was no no discovery tool and K letter or anything like that there was just basically sitting in wait. Thank you, Justices. Thank you, counsel, the court will take this matter under advisement, the court stands in recess.